**Mouctar BAH, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General of the United States,\* Respondent.**

No. 07–1976–ag.

United States Court of Appeals, Second Circuit.

Jan. 8, 2008.

Matthew J. Harris, of Counsel to Eric A Wuestman, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General; Susan Houser, Senior Litigation Counsel; Marion E. Guyton, Trial Attorney, U.S. Department of Justice, Washington, D.C., for Respondent.

Present: JOHN M. WALKER, JR., JOSÉ A. CABRANES and ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Mouctar Bah, a native and citizen of Sierra Leone, seeks review of an April 10, 2007 order of the BIA affirming the September 6, 2005 decision of Immigration Judge ("IJ") Adam Opaciuch, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Mouctar Bah*, No. A96 257 968 (B.I.A. Apr. 10, 2007), *aff'g* No. A96 257 968 (Immig. Ct. N.Y. City Sep. 6, 2005). We assume the parties' familiarity with the underlying facts and procedural history of this case.

When the BIA affirms the IJ's decision in all respects but one, this Court reviews the IJ's decision as modified by the BIA decision, i.e., "minus the single argument for denying relief that was rejected by the BIA." *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir.2005).

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also, e.g., Iouri v. Ashcroft,* 487 F.3d 76, 81 (2d Cir.2007)(quoting section 1252(b)(4)(B)). The Court reviews *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Secaida-Rosales v. INS,* 331 F.3d 297, 307 (2d Cir. 2003).

An IJ must deny an asylum application where he or she finds, by a preponderance of the evidence, that "[t]here has been a fundamental change in circumstances such that the applicant no longer has a well-founded fear of persecution." 8 C.F.R. § 1208.13(b)(1)(i)(A). Here, substantial evidence supports the agency's conclusion that conditions in Sierra Leone have fundamentally changed such that Bah no longer has a well-founded fear of persecution. *See Jalloh v. Gonzales,* 498 F.3d 148, 151 (2d Cir.2007)(per curiam)(finding that substantial evidence supported the BIA's finding that country conditions in Sierra Leone had changed). The IJ correctly noted that the background materials, which included a State Department report from 2004, indicated that "the civil war has ended in Sierra Leone and the political party [Bah] supported in the past is still in power." The IJ further correctly noted that "the background material does not support [Bah]'s claim that he would be arrested again by the authorities." While Bah argues that the background evidence describes continued human rights violations by the CID, he fails to provide any reason why the CID would single him out for persecution. Moreover, the 2004 State Department report is the most current

assessment of conditions in Sierra Leone in the record, and the country conditions evidence does not indicate that there is a threat to SLPP members or that the government is arbitrarily targeting members of youth groups who may have supported the rebels. Because the changed country conditions finding is supported by the record and is dispositive of Bah's asylum claim, *see* 8 C.F.R. § 1208.13(b)(1)(i)(A), we need not address the agency's adverse finding with respect to past persecution.

Because Bah was unable to show the objective likelihood of persecution needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal and CAT relief where all of his claims relied on the same factual predicate. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.